Slip Op. 18-159

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **COLUMBIA FOREST PRODUCTS, *ET AL.*,**<br><br>                Plaintiffs,<br>        v.<br><br>**UNITED STATES,**<br><br>                Defendant,<br><br>**SHELTER FOREST INTERNATIONAL ACQUISITION, INC., *ET AL.*,**<br><br>                Defendant-Intervenors, | Before: Jane A. Restani, Judge<br><br>Court No. 18-00098 |

<u>OPINION AND ORDER</u>

[Motion to stay proceedings is denied]

Dated: November 13, 2018

     Timothy Brightbill, Wiley Rein LLP, of Washington, DC, for Plaintiffs Columbia Forest Products, Commonwealth Plywood Inc., States Industries, Inc., and Timber Products Company. With him on the motion were Tessa Capeloto, Stephanie Bell, and Elizabeth Lee.

     Joshua Kurland, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the memorandum in opposition were Joseph Hunt, Assistant Attorney General, Jeanne Davidson, Director, and Claudia Burke, Assistant Director. Of counsel was Caroline Bisk, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

     Kirsten Smith, Sandler Travis & Rosenberg, P.A., of Washington, DC, for defendant-intervenors IKEA Supply AG. With him on the memorandum in opposition was Sarah Yuskaitis, Arthur Purcell, of New York, NY, and Ami Ito Ortiz, of Miami, FL.

     **Restani, Judge**: Columbia Forest Products, Commonwealth Plywood Inc., States Industries, Inc., and Timber Products Company (collectively, "plaintiffs") seek to stay proceedings in this action pending the final determination by the Department of Commerce

("Commerce") in the anti-circumvention inquiry regarding the antidumping and countervailing duty ("AD/CVD") orders on certain hardwood plywood from the People's Republic of China ("China") with respect to certain plywood with face and back veneers of radiate and/or agathis pine. Plaintiffs Motion to Stay Proceedings 1–5 (Oct. 18, 2018), Doc. No. 53 ("Mot. to Stay").

Plaintiffs initiated this action challenging Commerce's decision to not initiate an anti-circumvention inquiry with respect to the AD/CVD orders on hardwood plywood from China. Complaint, Doc. No. 9 (May 2, 2018). Commerce subsequently initiated a separate anti-circumvention inquiry concerning the same AD/CVD orders with respect to a subset of the merchandise covered by Plaintiff's request for an inquiry. See Certain Hardwood Plywood Products from China: Initiation of Anti-Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders, 83 Fed. Reg. 47,883 (Dep't Commerce Sept. 21, 2018).

A decision to stay a proceeding is within the sound discretion of the court. Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). A moving party must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay will damage someone else. Landis v. North American Co., 299 U.S. 248, 255 (1936); see also Tak Fat Trading Co. v. United States, 24 CIT 1376, 1377 (2000) ("[A] movant must 'make a strong showing' that a stay is necessary and that 'the disadvantageous effect on others would be clearly outweighed.'").

Plaintiffs argue that a stay is warranted because if Commerce makes an affirmative final determination that the inquiry merchandise is covered by the AD/CVD orders, it will "eliminate the need" for plaintiff to pursue this action. Mot. to Stay at 3. Further, they contend that a stay would not cause harm to any party and would promote judicial economy and efficiency. Id.

The Court is not persuaded. Plaintiffs fail to meet the standard for a stay because they

merely attempt to show that no harm would result from the stay, rather than presenting a clear showing of hardship or inequity in being required to go forward. Plaintiffs ground their argument on a likelihood that their desire to proceed in this action may change. But this possibility does not rise to the standard of clear hardship or inequity from having to go forward with the litigation. Moreover, the outcome of the administrative proceeding is uncertain and a stay will likely delay the resolution of this action. Thus, absent a strong showing that a stay is necessary, plaintiffs request must fail.

Accordingly, upon consideration of the motion to stay filed by plaintiffs, defendant's response in opposition thereto, and all other pertinent papers in this action, it is hereby

**ORDERED** that plaintiff's motion to stay is **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　　　　　__/s/ Jane A. Restani__
　　　　　　　　　　　　　　　　　　　　　　　　　　Jane A. Restani, Judge

Dated: November 13, 2018
　　　　New York, New York